UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KATHERINE BEBE PRICE, *et al.*, | Civil Action No. 1:21-cv-113 |
| Plaintiffs, | McFarland, J. |
| vs. | Bowman, M.J |
| COUNTRY BROOK HOMEOWNERS ASSOCIATION, Inc., *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motions for judgment on the pleadings (Docs. 14, 15, 16) and the parties' responsive memoranda (Docs. 20, 21, 22, 23).

**I. Background and Facts**

Plaintiffs, Richard Price and his wife Katherine Price, live at 61 White Beech Court in Springboro, Ohio. (Doc. 13, PageID #172). The property is a single-family residence subject to Covenants, Conditions and Restrictions ("CCRs") of the Country Brook Homeowners' Association, Inc. ("CBHOA"). Id. The CCRs were originally filed and recorded in 2002, and were recorded again in 2016. (Id. at PageID #181). Section 11.13 of the CCRs provides, in pertinent part, as follows: 11.13. Animals, Pets. No animals, livestock or poultry of any type shall be kept, except dogs, cats and other domestic household pets provided that they are not kept, bred, boarded or maintained for any commercial purpose, and further provided that pit bulls shall not be kept. (Id. at

Page #207). In November of 2018, Mrs. Price, who is an immigrant from Vietnam, bought a Vietnamese Pot Belly Pig to keep as a pet. (Doc. 1, PageID #172-173).

On February 1, 2021, the CBHOA, represented by Mr. Oxley acting through his law practice, Oxley LPA, filed a Complaint for Temporary Restraining Order, Preliminary Injunction, and Damages in Warren County Common Pleas Court ("Common Pleas Complaint") solely against Mr. Price, as the owner of the Plaintiffs' home, to remove the pig for allegedly violating Section 11.13 of the CCRs. (Id. at Page #174).

On February 17, 2021, and while still litigating the state court action, Plaintiffs filed this Complaint for purported violations of the Fair Housing Act against the CBHOA and others, including Mr. Oxley and Oxley LPA. Plaintiff's complaint purports to assert three causes of actions against Defendants for discrimination in violation of the Fair Housing Act. Plaintiffs filed an Amended Complaint on April 23, 2021 to reflect that the purported animus was directed to the fact a "Vietnamese pot belly pig" was "going to be living in the neighborhood", not that a "Vietnamese expatriate was going to be living in 'their' neighborhood with her culturally traditional pet". (Doc 13, PageID #173; Doc 1, PageID #5).

Defendants now move for judgment on the pleadings.

**II. Analysis**

A. *Standard of Review*

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Courts determine such motions based on the same standard applied to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which allows a party to move for dismissal of any

pleading on the basis that it fails to state a claim upon which relief can be granted. *HDC, LLC v. City of Ann Arbor*, 675 F. 3d 608, 611 (6th Cir. 2012), citing *Kottmyer v. Maas*, 436 F. 3d 684, 689 (6th Cir. 2006). The pleading requirements stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) apply to Rule 12(c) motions. *Albrecht v. Treon*, 617 F. 3d 890, 893 (6th Cir. 2010). Therefore, plaintiffs must "plead ... factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." Id., citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A plausible claim 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Linkletter v. Western & Southern Finan. Group, Inc.*, 851 F. 3d 632, 637 (6th Cir. 2017) (emphasis added), citing *Ashcroft*, supra. Therefore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, supra, at 678 quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). When reviewing a motion for judgment on the pleadings, the Court must consider the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *HDC, LLC v. City of Ann Arbor*, 675 F. 3d 608, 611 (6th Cir. 2012). Pro se complaints, in particular, are to be liberally construed. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Yet, all plaintiffs – including pro se ones -- "must plead sufficient facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).

3

### B. Defendants' motions for Judgment on the Pleadings are well taken

As noted above Plaintiffs' amended complaint asserts three causes action. As explained below, however, Plaintiffs fail to state any plausible claim for relief.

Notably, Count One of the Plaintiffs' amended complaint attempts to assert a claim for intentional discrimination, or disparate treatment. It is well-established that "[t]o prevail on a disparate treatment claim, a plaintiff must show proof of intentional discrimination...." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). At the pleading stage, "broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *Id*. at 614 (emphasis added). Therefore, a "complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." Id. Here, Plaintiffs' complaint fails to include any factual allegations of intentional discrimination by Defendants. The amended complaint alleges only that the Defendants interpreted 11.13's reference to "other household pets" to mean "fish and bird." (doc. 13, PageID #173) with no factual allegations that the attempted enforcement of Section 11.13 was related to race or nationality.

Next, Count Two of the amended complaint attempts to state a claim for disparate impact under the Fair Housing Act. In *Tex. Dept. of Housing & Cmty. Affairs v. Inclusive Communities Project, Inc*., 576 U.S. 519 (2015), the U.S. Supreme Court recognized a claim for disparate impact under the FHA and adopted the standards contained at 24 C.F.R. § 100.500 for stating and proving a claim for disparate impact. The Supreme Court has recognized that disparate impact claims are cognizable under

the Fair Housing Act. *See Texas Dep't of Hous. and Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507 (2015); *see also Groach Assocs. # 33, L.P. v. Louisville/Jefferson Cty. Metro Hum. Rels. Comm'n*, 508 F.3d 366, 381 (6th Cir. 2007) ("[A] plaintiff may establish a violation under the [Fair Housing Act] by showing that ... an otherwise neutral practice has a disparate impact on a protected class."). In doing so, the Court held that the plaintiff is required to show that the challenged practices have a "'disproportionately adverse effect on minorities' and are otherwise unjustified by a legitimate rationale." *Inclusive Cmtys.*, 135 S. Ct. at 2513. Further, the Supreme Court recognized the U.S. Department of Housing and Urban Development's ("HUD") burden-shifting framework that is used to analyze disparate impact claims. *Id.* at 2514. Under the burden-shifting framework, the plaintiff must first make a *prima facie* showing of disparate impact by proving that the challenged practice has caused or will cause a discriminatory effect. *Id.* Next, the burden shifts to the defendant to prove that the challenged practice is necessary to achieve a substantial, legitimate, nondiscriminatory interest. *Id.* at 2514–15. Once the defendant has satisfied its burden, the plaintiff may prevail by showing that the defendant's interest could be served by another practice that has a less discriminatory effect. *Id.* at 2515. At the pleading stage, the court need only consider the first step of the framework; it must determine whether the plaintiff has made out a prima facie disparate impact claim. *Id.* at 2523.

To allege a *prima facie* case of disparate impact, the Supreme Court provides that the plaintiff must satisfy what it called a "robust causality requirement." *Inclusive Cmtys.*, 135 S. Ct. at 2523. That is, the plaintiff must be able to point to a specific policy of the defendant and provide evidence showing that the policy causes the

disparity. *Id.* at 2523 ("a disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity"). The "robust causality requirement" ensures that "racial imbalance ... does not, without more, establish a prima facie case of disparate impact." *Id.* It also prevents defendants from being held liable for racial disparities they did not create.

Plaintiffs' amended complaint fails to state a *prima facie* case of disparate impact. Namely, Plaintiffs allege that Mrs. Price is an immigrant from Vietnam and that "a pot belly pig is a common and traditional pet in Vietnam and has been an important part of Vietnamese culture and heritage for centuries." (Doc. 13, PageID#172-173). However, Plaintiffs fail to offer any supporting allegations to establish that they have been treated any differently from the way any other homeowner in the Association would have been treated had they had a pot belly pig as a domestic pet, or any other animal other than a dog, cat, fish or bird.

Last, Count Three of Plaintiffs' amended complaint purports to assert a cause of action for hostile environment due to Plaintiff's country of origin under the Fair Housing Act, 42 U.S.C. § 3617 and 24 C.F.R. § 100.600. As noted by Defendants, the regulation cited by Plaintiffs, 24 C.F.R. § 100.600, was enacted in 2016 and states that "hostile environment harassment because of race, color, religion, sex, familial status, national origin or handicap may violate [42 U.S.C. § 3604] depending on the conduct." 24 C.F.R. § 100.600(a). It defines hostile environment harassment as "unwelcome conduct that is sufficiently severe or pervasive as to interfere with ... the use or enjoyment of a dwelling ... or the provision or enjoyment of services or facilities in connection therewith." Id. at § 100.600(a)(2) (emphasis added). The regulation also

provides that "[w]hether hostile environment harassment exists depends upon the totality of the circumstances" including, but not limited to, "the nature of the conduct, the context in which the incident(s) occurred, the severity, scope, frequency, duration, and location of the conduct, and the relationships of the persons involved." Id. at § 100.600(a)(2)(i)(A).

Here, the allegations and facts contained in the amended complaint filed by the Plaintiffs here do not give rise to any inference that "Plaintiffs" were harassed because of Mrs. Price's national origin. Plaintiffs have not stated any facts to connect Defendants actions to any "discriminatory animus." Instead, the allegations and facts clearly show only a legal dispute between the Plaintiffs and their homeowners' association over a pot belly pig owned by Mr. and Mrs. Price. As noted, Mr. Price admitted in his "Closing Brief of Defendant" filed in the state court action that "it is his belief that the real reason for the underling [sic] complaint was more about retaliation for an unrelated neighbor dispute about a ditch and some rocks." (Doc. 15, Exhibit A at p. 2).[1]  As such, the undersigned finds that Count Three of the amended complaint is devoid of any factual allegation sufficient to plausibly suggest a discriminatory intention to harass, and it should be dismissed.

---

[1] Generally, a court may not consider matters outside of the pleadings when ruling on a 12(b)(6) motion without converting it into a Rule 56 motion for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Niehaus v. City of Cincinnati*, No. 1:12-CV-469, 2012 WL 7801715, at *2 (S.D. Ohio Dec. 14, 2012), *report and recommendation adopted,* No. 1:12CV469, 2013 WL 1196613 (S.D. Ohio Mar. 25, 2013) (internal citations omitted).  Here, Plaintiff's complaint referenced the state court action.  Additionally, the court may take judicial notice of the state court record. See *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (finding that a court may take judicial notice of another court's docket where, inter alia, the plaintiff referred to or attached the public record to the complaint); *Slusher v. Reader*, No. 2:18-cv-570, 2019 WL 1384423, 2019 U.S. Dist. LEXIS 51706 (S.D. Ohio Mar. 27, 2019)(same).

### III. Conclusion

Accordingly, for these reasons, the undersigned finds that Plaintiffs' amended complaint fails to state any claim for relief and therefore, it is herein **RECOMMENDED** that Defendants' motions for judgment on the pleadings (Docs. 14, 15, 16) be **GRANTED;** and that this case be **CLOSED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KATHERINE BEBE PRICE, et al, | Civil Action No. 1:21-cv-113 |
| Plaintiffs, | McFarland, J. |
| vs. | Bowman, M.J |
| COUNTRY BROOKHOMEOWNERS ASSOCIATION *et al.*, | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).